IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

CHRISTIAN and ELIZABETH HARPER,
on their own behalves and on behalf of
those similarly situated,

      Plaintiffs,

vs.                                                  CIVIL ACTION NO. 3:06-0919

JACKSON HEWITT INC.

      Defendant.

## ORDER

This matter comes before the Court on plaintiffs' motion to quash subpoenas, filed December 11, 2008. By their motion, plaintiffs ask the Court to quash subpoenas served on financial institutions at which they have secured loans, obtained credit cards and conducted other financial transactions. After review of the record and hearing argument by counsel, the Court, being mindful of the standard applicable to discovery requests, concludes that defendant is entitled to obtain the records sought by means of subpoenas.

Though the language of Rule 26(b) establishing the scope of discovery was amended in 2000, it is generally conceded that the amendment has not resulted in any significant change in the scope of discovery, and the "present standard - 'relevant to the claim or defense of any party' - is still a very broad one." 8 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2008 (Supp. 2008). To satisfy this standard information sought need not be admissible at trial, and discovery

requests "need only 'encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" Comprehensive Habilitation Services, Inc. v. Commerce Funding Corp., 240 F.R.D. 78, 83 (S.D. N.Y. 2006).[1] As defendant points out in its brief and as is apparently demonstrated in depositions of plaintiffs, the financial situation of the plaintiffs had a bearing on their decision to secure refund anticipation loans ("RALs") and may be relevant in determining whether RALs were or were not "financially unsound," as is alleged in the Complaint. This being a matter at issue in the case, defendant is entitled to the information sought. Plaintiffs' motion to quash will, accordingly, be denied, and it is so **ORDERED**. Plaintiffs may, if they deem it necessary, require entry of a Protective Order with respect to the financial records produced.

      The Clerk is directed to transmit a copy of this Order to all counsel of record.

      ENTER: March 25, 2009

_/s/ Maurice G. Taylor, Jr._
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] See also, Eastman Kodak Co. v. Camarata, 238 F.R.D. 372, 374 (W.D. N.Y. 2006); Minch v. City of Chicago, 213 F.R.D. 526, 527 (N.D. Ill. 2003).